# UNITED STATES BANKRUPTCY COURT

## FOR THE

## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| In the Matter of: | Chapter 13 |
| CARL PINKERTON | |
| Debtor | Case No. 19-12330-KHK |

### TRUSTEE'S MOTION TO COVERT OR, IN THE ALTERNATIVE, TO DISMISS WITH PREJUDICE

Thomas P. Gorman, Trustee, moves pursuant to 11 U.S.C. §1307 for conversion of this case to Chapter 7 or, in the alternative, for dismissal with prejudice to refiling, and states as cause therefore the following:

1. This is Debtor's third Chapter 13 filing before this Court in less than fourteen months.

   **I.** *The First Case ((#18-11927-BFK Filed May 30, 2018; Dismissed October 5, 2018 )*

2. Debtor's first case was filed May 30, 2018 and was dismissed on October 5, 2018. Debtor filed complete Schedules with the Petition.
3. Debtor listed on Schedule A an interest in real estate located at 14088 Madrigal Drive, Woodbridge, Virginia which he valued at $328,073.00 (the "Real Estate"). Schedule A disclosed that Debtor owned the Real Estate as "joint tenants with the right of survivorship" with a co-owner. Schedule C took no exemption in the Real estate.
4. In addition to liens on all three of his motor vehicles, Schedule D listed five liens on the Real Estate as follows:
   i. A mortgage lien in favor of Wells Fargo Bank in the amount of $127,499.00
   ii. Judgment Lien in favor of Ford Motor Credit Company in the amount of $50,324.83.
   iii. Judgment Lien in favor of Unifund CCR Partners in the amount of $1,729.64.
   iv. Judgment Lien in favor of Zales Jewelers in the amount of $2,036.57.
   v. Judgment Lien in favor of Lakeside HOA in the amount of $22,261.22. (POC #10 asserts secured claim of $24,445.45)
5. Schedule H indicates no co-Debtor on any of these secured debts other than the last (HOA) claim, which indicated a co-debtor named "Marenna Gallop", meaning that the first three judgments totaling $74,622.62 attached only to Debtor's interest in the Real Estate.
6. In addition to the liens disclosed on Schedule D it appears there was another undisclosed lien in favor of the U.S. Dept. of HUD as they filed a Proof of Claim (#2) asserting a security interest in the Real Estate the amount of $9,506.21. That Proof of Claim includes supporting documents which appear to bear the signatures of Debtor and Marenna Gallop.
7. Accordingly it appears there was no equity in Debtor's interest in the Real Estate even at the time of his First Case, as follows:

*Trustee's Motion to Convert or, in the Alternative, to Dismiss with Prejudice*
Carl Pinkerton, Case # 19-12330-KHK

| | |
|---|---|
| $327,073.00 | Sch. A value |
| (26,165.84) | 8% Cost of Sale Factor |
| **$300,907.16** | NET AFTER 8% COS |
| | *Liens on Both Parties Interest*: |
| ($127,499) | Wells Fargo Mortgage[1] |
| ($ 9,506.21) | HUD Lien |
| ($24,445.45) | HOA Lien (per POC) |
| **$139,456.50** | AVAILABLE TO CO-OWNERS AFTER PMT. OF JOINT LIENS |
| ÷2= | |
| **$69,728.25** | Potential Net To Debtor |
| ($74,622.62) | Judgment Liens against Debtor's Interest in Real Estate |
| *($4,894.37)* | ***Debtor's Net Equity After Payment of liens*** |

8. The First Case was dismissed on Trustee's Motion for Debtor's failure to provide prior year tax returns; an Order had been entered September 7, 2018 requiring Debtor to provide 2016 and 2017 federal and state tax returns, which Order Debtor did not comply with. At the time of the October 5, 2018 dismissal there was technically no Plan pending; Debtor's second Plan had been denied confirmation by Order entered August 9, 2018 which required a new Plan by August 30, 2018. Debtor did not file a new Plan until September 14, 2018 and filed a Motion for enlargement of his time to file that Plan so as to treat it as timely filed, which Motion set forth no material grounds for the failure to file a timely Plan and which Motion was not ruled upon and became moot by virtue of the October 5, 2018 dismissal.
9. Prior to dismissal Debtor paid in $9,580.00 into the case, all of which (less trustee's statutory commission) was refunded to Debtor after dismissal.

**II.** ***The Second Case (18-13649-BFK Filed October 27, 2018; Dismissed June 28, 2019)***

10. Debtor filed the Second Case three weeks after dismissal of the First Case. Although he filed Schedules and a Plan at the same time as the Petition in the First Case, in this Second Case he filed a "barebones" Petition only and did not file Plan or Schedules until November 14, 2018, a day after they were due. The Schedule A, D and H listings are almost identical to those filed in the First Case, and Debtor again did not disclose the lien in favor of HUD despite being on actual notice of it from the Proof of Claim filed in the First Case. He did exempt $5,000.00 in his interest in the Real Estate in this Second Case.
11. Debtor contended he had filed his delinquent tax returns (***See*** "*Motion to Extend Automatic Stay*", *Dkt. #11*). However, the Proof of Claim filed by the IRS on November 28, 2018 (Claim #3) asserted in its footnote that "*the return has not been filed*" for 2014, 2015 and 2017. This Proof of Claim was never challenged by Debtor before this Second Case was dismissed on Trustee's Motion on June 30, 2019.
12. Debtor's initial Plan in this Second Case was objected to by two secured creditors and Trustee, and was denied confirmation on January 10, 2019. Debtor's second Plan was objected to by a different secured creditor (the HOA) and was also denied confirmation on March 7, 2019. Because Debtor did not file an amended Plan within the time set forth in the March 7, 2019 Order denying confirmation, the Court on March 29, 2019 entered an Order Setting Hearing (Dkt. No. 47) commanding Debtor to appear and show cause why the case should not be dismissed for his failure to timely file a modified Plan by the March 28, 2019 deadline. Debtor did ultimately file a Modified Plan on April 27, 2019 (Dkt. #53, which was a full month after it was due) which Plan he again modified on May 1, 2019 (Dkt. #54). Trustee objected to that May 1, 2019 Plan (Debtor's fourth in this Second Case) which

---

[1] Although his Schedules did not disclose Ms. Gallop as a co-Debtor on this debt, the attachments to the Proof of Claim (#7) indicate she was a signatory to both the note and the Deed of Trust.

*Trustee's Motion to Convert or, in the Alternative, to Dismiss with Prejudice*
Carl Pinkerton, Case # 19-12330-KHK

    objection became moot when Debtor filed another (fifth) Plan the day before the June 13, 2019 confirmation hearing.

13. Meanwhile, on May 20, 2019 Wells Fargo (Debtor's mortgage lender) filed a Motion for Relief from Stay alleging that the March-May, 2019 post-petition mortgage payments had not been made (Dkt. # 57) and on June 11, 2019 Trustee filed a Motion to Dismiss because Debtor had defaulted on his Plan payments and had not provided 2018 tax returns (Dkt. # 61). The Attachment to Trustee's Motion to Dismiss showed that between October 27, 2018, when he filed this Second Case, and the June 11, 2019 date when Trustee filed the Motion to Dismiss, Debtor had made only three payments to Trustee in the seven-plus months that had then elapsed.

14. Debtor filed no response or opposition to either Wells Fargo's Motion for Relief from Stay or to Trustee's Motion to Dismiss, which was granted on June 28, 2019. None of the five Plans proposed by Debtor had been confirmed prior to dismissal.

15. Prior to dismissal Debtor had paid $ 10,610.00 to Trustee which, is only slightly more than the amount refunded to him from the First Case, and which after Trustee's statutory commission leaves a balance of $9,867.30, which funds Trustee has asked for authority to transfer into Debtor's account in his current (third) Chapter 13 case, which is the one presently before this Court.

### III.    *The Third (CURRENT) Case (19-12330-KHK filed July 16, 2019)*

16. Again, within three weeks of the dismissal of his prior (second) Chapter 13 case Debtor filed this third case. Despite the fact that his assets and debts have not changed significantly since the filing of the First Case in which he was able to file a Plan and Schedules at the same time as the Petition, Debtor is now, two cases and fourteen months later, unable to prepare Schedules or formulate a Plan as he has not only not yet filed them but has in fact asked for an extension of time to do so without stating cause as to why he is unable to file them despite the fact that he has used the same counsel in all three cases.

17. Meanwhile Debtor has made demand of Trustee for turnover of the funds remaining from the Second Case, to which he would otherwise be entitled but for the filing of this Third Case. Debtor has stated that, rather than using the funds to pay his creditors or fund a Plan, he wishes to use those funds for purposes of re-carpeting his residence on the theory that new carpeting will create equity in his interest in the Real Estate which, as set forth in Paragraph 7 above, Debtor has known since his First Case has no equity.[2]

18. While Debtor's intention in this Third Case are not fully known since he has not yet filed a Plan or Schedules, correspondence in this case and his last Plan in the Second Case suggest he may see the prospect of sale of the Real Estate as a means of delaying matters and/or achieving some funds for himself. Putting aside Trustee's question's about Debtor's sincerity in selling the Real estate, as is set forth in Paragraph 7 above Debtor's interest in the Real Estate (as opposed to the co-owner's) has no equity and any potential equity which might have once been available is no longer there due to accruing interest on the numerous liens.

19. Trustee notes that over the course of three Chapter 13 cases and seven Plans, Debtor has never achieved Plan confirmation and no money whatsoever has been distributed to creditors. Because the three cases have been filed so closely in time creditors have not only been held at bay continuously for over fourteen months but still have no prospect of payment in sight as Debtor has not filed a Plan proposing payment in this Third Case. All that has been achieved is delay.

20. The fact that Debtor believes the best use of the monies paid into the prior case is to purchase new carpeting suggests he may not be the best person to control disposition and liquidation of

---

[2] Debtor's fifth Plan in the Second Case suggested a sale of the Real Estate and a listing agreement was filed.

*Trustee's Motion to Convert or, in the Alternative, to Dismiss with Prejudice*
Carl Pinkerton, Case # 19-12330-KHK

> his assets, which liquidation might involve not only negotiation with Debtor's lienholders but also negotiation and disposition of the co-owner's interest.

21. This Trustee believes that creditors and parties in interest would be best served by converting this case to Chapter 7 where a Trustee can be appointed who is empowered to accomplish this liquidation and would have Section 363(h) powers to deal with the interest of the co-owner. Alternatively, Trustee prays that this latest (Third) Case be dismissed with prejudice to re-filing, as Debtor's multiple filings show a pattern of delay and abuse.

Date: __August 5, 2019_____          __/s/ Thomas P. Gorman_____
                                          Thomas P. Gorman
                                          Chapter 13 Trustee
                                          300 N. Washington Street, Ste 400
                                          Alexandria, VA 22314
                                          (703) 836-2226
                                          VSB 26421

CERTIFICATE OF SERVICE

I hereby certify that I have this 5th day of August, 2019, mailed a true copy of the foregoing Motion to Convert, or in the Alternative, to Dismiss with Prejudice to all creditors and parties in interest as follows:

| | |
|---|---|
| Carl Pinkerton<br>Chapter 13 Debtor<br>14088 Madrigal Drive<br>Woodbridge, VA 22193 | Martin C. Conway<br>Attorney for Debtor<br>The Martin Conway Law Firm, PC<br>12934 Harbor Drive, Suite 107<br>Woodbridge, VA 22192 |
| Chadwick, Washinton, Moriarty, Elmore, & Bunn, PC.<br>3201 Jermantown Road, Suite 600<br>Fairfax, VA 22030 | Ford Motor Credit Company<br>r/a CT Corporation System<br>4701 Cox Road, Suite 285<br>Glen Allen, VA 23060-0000 |
| Capital One Auto Finance<br>Attn: Bankruptcy<br>PO Box 30285<br>Salt Lake City, UT 84130-0000 | Capital One Auto Finance<br>Ravi Raghu, President<br>3901 N Dallas Pkwy<br>Plano, TX 75093-0000 |
| Capital One Auto Finance, a division of<br>AIS Portfolio Services, LP<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118 | Capital One Auto Finance, a division of<br>Capital One<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118 |

*Trustee's Motion to Convert or, in the Alternative, to Dismiss with Prejudice*
Carl Pinkerton, Case # 19-12330-KHK

| | |
|---|---|
| Lakeside HOA<br>R/A Susan M. Komar c/o CMC<br>12701 Fairlakes Cir., Ste. 400<br>Fairfax, VA 22033-0000 | Marrena Gallop<br>14088 Madrigal Dr<br>Woodbridge, VA 22193-0000 |
| Prince William CTY GDC<br>9311 Lee Ave<br>Manassas, VA 20110-0000 | Randolph, Boyd, Cherry & Vaugh<br>13 East Main Street<br>Richmond, VA 23219-0000 |
| Santander Consumer USA<br>PO Box 961245<br>Ft Worth, TX 76161-0000 | U.S. Department of Housing and Urban Development<br>451 7th Street S.W.<br>Washington, DC 20410 |
| Santander Consumer USA<br>Scott Powell, President<br>8585 North Stemmons Fwy, S1100N<br>Dallas, TX 75247-0000 | Santander Consumer USA Inc<br>P.O. Box 560284<br>Dallas, TX, 75356 |
| Unifund CCR Partners<br>r/a Corporation Service Comp<br>100 Shockoe Slip, 2nd Floor<br>Richmond, VA 23219-0000 | Wells Fargo Dealer Services<br>Attn: Bankruptcy<br>PO Box 19657<br>Irvine, CA 92623-0000 |
| Zale Delaware/Genesis<br>15220 NW Greenbrier, Ste<br>Beaverton, OR 97006-0000 | |

                                            __/s/ Thomas P. Gorman_____
                                            Thomas P. Gorman